2011 VT 5

## State of Vermont v. Peter Quist

[16 A.3d 611]

Nos. 09-414 & 09-415

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed January 14, 2011

*William H. Sorrell*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Allison N. Fulcher* of *Martin & Associates*, Barre, for Defendant-Appellant.

¶ 1. **Skoglund, J.** Defendant Peter J. Quist appeals the trial court's order of restitution requiring him to pay $15,234.36 to the Vermont Department of Taxes, representing back taxes for the years 2005-2006. Mr. Quist argues that neither the State of Vermont nor any of its departments are "victims" entitled to restitution under the restitution statute. We affirm.

¶ 2. Quist was convicted of twelve charges of failure to pay taxes or file a tax return. See 32 V.S.A. § 5894(c)-(d). At sentencing, the court ordered him to pay what was owed in back taxes to the Tax Department. Quist argues that the Department is not a "victim" for purposes of the restitution statute, 13 V.S.A. § 7043, or as defined in the victims' rights legislation. See 13 V.S.A. § 5301(4).

¶ 3. The relevant restitution scheme provides for restitution to be considered "in every case in which a victim of a crime . . . has suffered a material loss." 13 V.S.A. § 7043(a)(1). Section 5301(4) defines "victim" as "a person who sustains physical, emotional or financial injury . . . as a direct result of the commission or attempted commission of a crime." The term "person" is not further defined for purposes of Vermont's restitution statute. However, 1 V.S.A. § 128 defines the term "person" as including "any natural person, corporation, municipality, the state of Vermont or any department, agency or subdivision of the state, and any partnership, unincorporated association or other legal entity." According to 1 V.S.A. § 101, this definition applies in the construction of statutes, "unless such construction is inconsistent with the manifest intent of the general assembly or repugnant to the context of the same statute."

¶ 4. The Legislature created the "restitution unit" for the purpose of "assuring that crime victims receive restitution when it is ordered by the court." 13 V.S.A. § 5362(a). The restitution unit administers the crime victims' restitution special fund, created by 13 V.S.A. § 5363. That statute provides that victims may be advanced up to $10,000.00 from this fund under certain circumstances. However, only "[a] victim who is a natural person" may receive such an advanced payment. 13 V.S.A. § 5363(d)(2)(B). The statute also states that "[a]n advance under this subsection shall not be made to the government or to any governmental subdivision or agency." 13 V.S.A. § 5363(d)(3).

¶ 5. These provisions clearly indicate that the Legislature intended to include governmental agencies within the term "victim of a crime." Otherwise, there would be no need to specify that only "natural person[s]" are entitled to advance payments and no need to specify that governmental agencies are not entitled to such payments.

¶ 6. Finally, in the statement of legislative intent for Act 51 of 2005, amending the crime victims' restitution special fund statute, the Legislature specifically stated that governmental agencies are entitled to restitution:

> It is the intent of the general assembly that the crime victims' restitution special fund be used to reimburse individuals who are victims of crime. Businesses and government entities shall continue to receive restitution from the restitution unit as it is collected from offenders.

2005, No. 51, § 1.

¶ 7. It is eminently clear that government entities may be treated as victims for purposes of the restitution statute. The defendant relied, in his argument, on the concurrence in *State v. Bohannon*, 2010 VT 22, ¶¶ 16-22, 187 Vt. 410, 996 A.2d 196, authored by this writer. I regret I did not discover the statement of legislative intent, found in the public law, when I reached beyond the issues briefed in *Bohannon* and expressed my erroneous belief. Now the issue is at rest.

*Affirmed.*