2011 VT 5



State v. Quist (2009-414 &
2009-415)

 

2011 VT 5

 

[Filed 14-Jan-2011]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions, Vermont Supreme Court, 109 State Street, Montpelier,
 Vermont05609-0801
of any errors in order that corrections may be made before this opinion goes to
press.

 

 


 2011 VT 5
 
  


 Nos. 2009-414 & 2009-415
 
  


 State of Vermont
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 District Court of Vermont,
 
 
  
 
 
 Unit No. 3, Washington Circuit
 
 
  
 
 
  
 
 
 Peter Quist
 
 
 October Term, 2010
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 M.
 Patricia Zimmerman, J.
 
 
  
 
 William H. Sorrell, Attorney General, and David Tartter,
Assistant Attorney General,

  Montpelier,
for Plaintiff-Appellee.

 

Allison N. Fulcher of Martin & Associates, Barre, for
Defendant-Appellant.

 

 

PRESENT:  Reiber, C.J., Dooley, Johnson, Skoglund and
Burgess, JJ.

 

 

¶ 1.            
SKOGLUND, J.   Defendant Peter J. Quist appeals the
trial court’s order of restitution requiring him to pay $15,234.36 to the
Vermont Department of Taxes, representing back taxes for the years
2005-2006.  Mr. Quist argues that neither the State of Vermont nor any of its Departments are
“victims” entitled to restitution under the restitution statute.  We
affirm.  

¶ 2.            
Quist was convicted of twelve charges of failure to pay taxes or file a
tax return.  See 32 V.S.A. § 5894 (c)-(d).  At sentencing, the court
ordered him to pay what was owed in back taxes to the Tax Department. 
Quist argues that the Department is not a “victim” for purposes of the
restitution statute, 13 V.S.A. § 7043, or as defined in the victims’ rights
legislation.  See 13 V.S.A. § 5301(4).  

¶ 3.            
The relevant restitution scheme provides for restitution to be
considered “in every case in which a victim of a
crime . . . has suffered a material loss.”  13 V.S.A.
§ 7043(a)(1).   Section 5301(4) defines “victim” as “a person who
sustains physical, emotional or financial injury . . . as a direct
result of the commission or attempted commission of a crime.”  The term
“person” is not further defined for purposes of Vermont’s restitution statute. 
However, 1 V.S.A. § 128 defines the term “person” as including “any natural
person, corporation, municipality, the state of Vermont or any department,
agency or subdivision of the state, and any partnership, unincorporated
association or other legal entity.”  According to 1 V.S.A. § 101, this
definition applies in the construction of statutes, “unless such construction
is inconsistent with the manifest intent of the general assembly or repugnant
to the context of the same statute.”

¶ 4.            
The Legislature created the “restitution unit” for the purpose of
“assuring that crime victims receive restitution when it is ordered by the
court.”  13 V.S.A. § 5362(a).  The restitution unit administers the
crime victims’ restitution special fund, created by 13 V.S.A.
§ 5363.  That statute provides that victims may be advanced up to
$10,000.00 from this fund under certain circumstances.  However, only “[a]
victim who is a natural person” may receive such an advanced payment.  13
V.S.A. § 5363(d)(2)(B).  The statute also states that “[a]n advance under
this subsection shall not be made to the government or to any governmental
subdivision or agency.”  13 V.S.A. § 5363(d)(3).

¶ 5.            
These provisions clearly indicate that the Legislature intended to
include governmental agencies within the term “victim of a crime.” 
Otherwise, there would be no need to specify that only “natural person[s]” are
entitled to advance payments and no need to specify that governmental agencies
are not entitled to such payments.  

¶ 6.            
Finally, in the statement of legislative intent for Act 51 of 2005,
amending the crime victims’ restitution special fund statute, the Legislature
specifically stated that governmental agencies are entitled to restitution:

 
It is the intent of the general assembly that the crime victims’ restitution
special fund be used to reimburse individuals who are victims of crime. 
Businesses and government entities shall continue to receive restitution from
the restitution unit as it is collected from offenders.

 

2005, No. 51, §
1.    

¶ 7.            
It is eminently clear that government entities may be treated as victims
for purposes of the restitution statute.  The defendant relied, in his
argument, on the concurrence in State v. Bohannon, 2010 VT 22, ¶¶ 16-22,
___ Vt. ___, 996 A.2d 196, authored by this writer.  I regret I did not
discover the statement of legislative intent, found in the public law, when I
reached beyond the issues briefed in Bohannon and expressed my erroneous
belief.  Now the issue is at rest.

Affirmed.


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate
 Justice